IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jamarion Bell,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Major Holmes; Sgt. C. Boswell; Lt. Thomas Horton; Ofc. Cannon; Capt. R. Cooper; John Meyers; Brandon DeBaun; Mary Bramucci; Harry J. Johnson, II; Capt. Carnes; Sgt. S. Robinson; Capt. Karl Von Mutius; A.W.W. Brightharp; Sgt. C. Brunson,<br><br>　　　　　Defendants. | Case No. 0:24-cv-07299-JDA<br><br>**OPINION AND ORDER** |

　　　This matter is before the Court on Plaintiff's motion for a temporary restraining order; Defendants' motion to dismiss, or in the alternative, motion for summary judgment; and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 50; 57; 70.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons stated herein, the Court rejects the Report and recommits the matter to the Magistrate Judge for further proceedings.

**BACKGROUND**

　　　The Clerk docketed Plaintiff's Complaint on December 16, 2024. [Doc. 1.] Plaintiff's allegations stem from a dispute with a prison food supervisor occurring on or about October 10, 2024. [*Id.* at 1.] The food supervisor deployed chemical munitions against Plaintiff and called for additional staff assistance. [*Id.* at 1–2.] Plaintiff alleges the

staff who responded to the scene used excessive force against him and injured him. [*Id.* at 2–3.] Accordingly, Plaintiff brings claims under 42 U.S.C. § 1983 for excessive force and deliberate indifference to medical needs. [*See* Doc. 17 at 1.] He seeks monetary damages and injunctive relief. [Doc. 1 at 9.]

On June 5, 2025, the Clerk docketed Plaintiff's motion for a temporary restraining order. [Doc. 50.] On June 16, 2025, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. [Doc. 57.] Therein, Defendants argue Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). [*Id.* at 3–8.] On June 17, 2025, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) explaining the procedures relevant to the motion to dismiss and directing Plaintiff to file his response within 31 days. [Doc. 59.] The Clerk docketed Plaintiff's response to Defendants' motion on June 20, 2025. [Doc. 61.] Defendants filed a reply, and Plaintiff filed a sur-reply. [Docs. 63; 66.] Plaintiff also filed a motion for an extension of time and a motion to amend his response in opposition to Defendants' motion, both of which the Magistrate Judge denied. [Docs. 65; 67; 70 at 9.]

On August 14, 2025, the Magistrate Judge issued a Report recommending that the Court grant Defendants' motion. [Doc. 70.] Specifically, the Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies under the PLRA because he exceeded the time frame for filing a Step 2 grievance. [*Id.* at 7 ("The record shows that Plaintiff filed a Step 2 grievance, and although Plaintiff's signature block indicates that he signed the grievance on November 27, 2024, the form shows it was not received until December 12, 2024. The Step 2 grievance was returned to Plaintiff noting that he had

exceeded the time frame for filing a Step 2 grievance on this issue." (citation omitted)).] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 10.]

The Clerk docketed Plaintiff's objections to the Report on August 29, 2025. [Doc. 74; *see also* Doc. 85.] Therein, Plaintiff contends he signed and submitted his Step 2 Grievance on November 27—within the five days permitted by South Carolina Department of Corrections (SCDC) policy. [Doc. 74 at 1 ("I always sign and date requests and grievances the day they are sent out."); *see also* Doc. 57-1 at 23.] Defendants filed a reply to Plaintiff's objections on September 10, 2025. [Doc. 78.]

Subsequently, Plaintiff filed a motion for a temporary restraining order and two motions to compel. [Docs. 75; 82; 86.] Those motions have been fully briefed. [Docs. 77; 81; 83; 87.] Thus, all motions are ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

3

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

### ANALYSIS

As noted, the Magistrate Judge determined Plaintiff failed to exhaust his administrative remedies because he did not timely file a Step 2 grievance. According to SCDC Policy GA 01.12, Rule 13.7, "[t]he grievant may appeal [a Step 1 determination] by completing the SCDC Form 10-5a, Step 2 to the *IGC* within five (5) calendar days of the receipt of the response by the grievant, by placing the Step 2 form in the designated institutional grievance box." [Doc. 57-1 at 12.] However, Plaintiff's Step 2 Grievance was returned as untimely based on the institution's receipt date. [*See* Doc. 57-1 at 23 ("Your Step 2 Grievance was not *received* until 12/12/24. Therefore, it is being Processed and Returned to you for failing to meet the established deadline." (emphasis added)).]

The Court perceives a conflict in the evidence regarding when Plaintiff's Step 2 grievance was placed in the designated institutional grievance box. On one hand, Plaintiff signed his grievance on November 27, 2024, [Doc. 57-1 at 23], and Plaintiff now maintains that he "always sign[s] and date[s] requests and grievances the day they are sent out" [Doc. 74 at 1]. On the other hand, SCDC Policy GA 01.12, Rule 13.3 provides that "[a]ll grievances will be picked up on a daily basis, during normal working hours, by an employee designated by the Warden . . . ." [Doc 57-1 at 11.] Based on the existing facts

and the conflicting representations of the parties, the Court cannot conclusively determine that Plaintiff failed to timely submit his Step 2 grievance.*

The Court has conducted a de novo review of the Report, the record, and the applicable law. On such review, the Court rejects the Report [Doc. 70] and recommits the matter to the Magistrate Judge for further proceedings on the issue of administrative exhaustion. Should the Magistrate Judge determine that Defendants failed to demonstrate Plaintiff's failure to exhaust, the Court directs the Magistrate Judge to address Plaintiff's pending motions [Docs. 50; 75; 82; 86] and conduct additional pretrial proceedings.

IT IS SO ORDERED.

---

* At the motion to dismiss stage, Plaintiff need not demonstrate exhaustion in his Complaint because failure to exhaust is an affirmative defense. *Curtis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017). And at the summary judgment stage, Defendants bear the burden of convincing the Court that the grievance was properly rejected. *See Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *10 (E.D. Mich. Mar. 31, 2016); *see also Person v. Davis*, No. 7:20-cv-00146, 2021 WL 4429194, at *5 n.4 (W.D. Va. Sept. 27, 2021) ("To be sure, the court can imagine a situation where grievances are improperly rejected at intake. . . . In such a case, a court would likely find that administrative remedies were not available to the inmate because the prisoner, through no fault of his own, was prevented from availing himself of the available remedies." (internal quotation marks omitted)).

Moreover, other district courts have suggested that grievance documents should be deemed submitted on the date the prisoner signed them. *See, e.g., Bailey v. Washington*, 784 F. Supp. 3d 997, 1014 (E.D. Mich. 2025); *id.* at 1013 ("[U]sing the receipt date to determine whether grievances were timely filed resulted in prisoners being denied access to the grievance system despite their best efforts."); *cf. Houston v. Lack*, 487 U.S. 266, 270–72 (1988) ("[The *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped 'filed' on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it . . . .").

5

                                                             s/ Jacquelyn D. Austin
                                                              United States District Judge

December 16, 2025
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.